IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| PHILLIP R. CROSS and ) | |
| CROSS JEEP, INC. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No.  07-1091 |
| ) | |
| DAVID BURNHAM, a police officer of ) | |
| the City of Macomb in his individual ) | |
| capacity, ) | |
| KEN NEAVEAR, a police officer of the ) | |
| City of Macomb in his individual ) | |
| capacity, ) | |
| MICHAEL GALLOWAY, Chief of Police ) | |
| of the City of Macomb in his individual ) | |
| capacity, ) | |
| CITY OF MACOMB, ILLINOIS, ) | |
| an Illinois Local Governmental Entity, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Before the Court is Defendants' motion under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiffs' false arrest and equal protection claims.[1]  (d/e 9).

---

[1] Defendants do not move to dismiss the Fourth Amendment "unauthorized search" claim.

Though it is a close question on the false arrest claim, for the reasons below, the Court recommends the motion be denied.

## Standard

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. Patel v. City of Chicago, 383 F.3d 569, 572 (7th Cir. 2004).

To state a claim under federal notice pleading standards, all the Complaint must do is set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)(other citation omitted).

However, the "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level' . . . ." Id., *quoting* Bell Atlantic, 127 S.Ct. at 1965, 1973 n. 14. "Although this does

'not require heightened fact pleading of specifics,' it does require the complaint to contain 'enough facts to state a claim to relief that is plausible on its face.'" Killingsworth v. HSBC Bank Nevada, 507 F.3d 614, 618 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1974.  A plaintiff can "plead himself out of court" if the facts he alleges defeat his claim for relief.  McCready v. Ebay, Inc., 453 F.3d 882, 888 (7th Cir. 2006).

### Allegations

The allegations are taken from the Amended Complaint and set forth as true for purposes of this Recommendation.

Plaintiff Cross Jeep, Inc. ("Cross Jeep") contracted with the management company of an apartment building to tow unauthorized vehicles from the apartment's parking lot.  Pursuant to that contract, Plaintiff Phil Cross (a shareholder and operator of Cross Jeep), towed a vehicle from the apartment parking lot to the Cross Jeep lot for storage.

On April 13, 2006, the owner of the towed vehicle met with Cross at Cross Jeep and paid the towing charges due.  However, Cross did not release the vehicle because the owner refused to sign a "damage form."[2]

---

[2]Plaintiffs referred to the form as a "waiver" in parts of their original Complaint (d/e 1, paras. 18, 12), but have omitted that description in most of the paragraphs of the Amended Complaint, except for para. 18 ("Phil Cross insisted Herndon complete the waiver form in order to receive the vehicle.").  As discussed in the Court's analysis, the Court believes it is proper to consider the form, which is attached to Defendants' motion,

Plaintiffs allege that the form required the owner to list any observable damage or, if none, acknowledge the absence of observable damage. Cross Jeep alleges that it was in lawful possession of the vehicle until the towing charges were paid and the form signed.

Defendant police officers Burnham and Neavear were called to the scene. They informed the vehicle owner that she was not required to sign the form, calling Cross a "crook and con artist." (Amended Complaint, ¶ 18). The officers then handcuffed Cross and placed him in the squad car under arrest for the criminal offense of theft. While driving the handcuffed Cross to the Macomb Police Department, one of the officers phoned the McDonough County State's Attorney, who instructed them to release Cross. The officers then released Cross. In his police report, Defendant Burnham remarked that "officers were continually at the Cross Jeep premises for similar conflicts." (Amended Complaint ¶ 22). As a result of this incident, Cross Jeep lost its towing contract with the management company and suffered damage to its reputation.

Regarding a separate incident sometime "within the past two years," Defendant Officer Neavear, without probable cause or a warrant, entered

---

and which is not a form for listing damages, but a release.

onto the Cross Jeep premises and took video of the property and automobiles. Defendant Galloway, the Chief of Police of the City of Macomb, was deliberately indifferent to the above conduct by Officers Burnham and Neavear.

Lastly, the City of Macomb has treated Cross Jeep less favorably than other towing companies. The City has not given Cross Jeep its proportionate share of the City's towing business. Cross has complained to City officials about Cross Jeep's exclusion from the City's towing business to no avail. The City of Macomb Police Department has also allegedly "refused to respond to assistance calls made by Phil Cross for Cross Jeep of the type the police would respond to other car dealers and towing companies." (Amended Complaint ¶ 29).

## Analysis

### I. Fourth Amendment

#### A. False Arrest

Cross asserts a Fourth Amendment claim of false arrest based on his arrest for theft on April 13, 2006.

"[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal

offense has been or is being committed." Devenpeck v. Alford, 543 U.S. 146, 153 (2004); Wagner v. Washington County, 493 F.3d 833, 836 (7th Cir. 2007)("Probable cause to arrest is an absolute defense to any claim against police officers under § 1983 for wrongful arrest, even where the defendant officers allegedly acted upon a malicious motive."). Probable cause exists when, ". . . at the time of the arrest, the facts and circumstances within the officer's knowledge were sufficient for the officer to form a reasonable belief to suspect criminal activity." Smith v. Lamz, 321 F.3d 680, 685 (7th Cir. 2003)(citation omitted).

If probable cause existed at the time of arrest for *any* criminal offense, then the Fourth Amendment claim fails, even if probable cause did not exist for the offense for which the arrest was made. Williams v. Rodriguez, 2007 WL 4258679 *4 (7th Cir. 2007). That is, an officer's "'subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause.'" Williams, 2007 WL 4258679 (7th Cir. 2007), *quoting* Devenpeck, 543 U.S. at 153.

Defendants argue that probable cause did exist for the theft charge, but that determination is arguably premature because it may require a determination of Cross' subjective intent to commit theft. *See* Guzell v.

Hiller, 223 F.3d 518, 520 (7th Cir. 2000)("Under the [Illinois] law of theft, all that is required to demonstrate that he didn't steal the passport is that he had a bona fide belief that he had a valid security interest in it which he could lawfully enforce by holding on to the passport until she paid for the ticket."); 720 ILCS 5/16-1 ("A person commits theft when he knowingly . . . exerts unauthorized control").

Defendants' stronger argument, at least at this stage, is that even if probable cause did not exist to arrest Cross for theft, probable cause did exist to arrest Cross on a different charge--the charge of violating of 625 ILCS 5/4-203(f)(10) of the Illinois Vehicle Code:

> When a vehicle has been towed or removed pursuant to this Section, it must be released to its owner or custodian within one half hour after requested, if such request is made during business hours.  Any vehicle owner or custodian or agent shall have the right to inspect the vehicle before accepting its return, and **no release or waiver of any kind which would release the towing service from liability for damages incurred during the towing and storage may be required from any vehicle owner** or other legally authorized person as a condition of release of the vehicle.  A detailed, signed receipt showing the legal name of the towing service must be given to the person paying towing or storage charges at the time of payment, whether requested or not. (Emphasis added).

The last paragraph in subsection (f) of 625 ILCS 5/4-203 provides that:

> Any person who fails to comply with the conditions and restrictions of this subsection shall be guilty of a Class C misdemeanor and shall be fined not less than $100 nor more than $500.

The Supreme Court has made clear that arrests are constitutionally permissible for minor offenses, even offenses punishable only by fine. Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001)(if probable cause exists even for "very minor criminal offense", arrest does not violate Fourth Amendment); Chortek v. City of Milwaukee, 356 F.3d 740, 745 (7th Cir. 2004)("Arrest for minor, non-jailable offense does not violate the Fourth Amendment.")(ticket scalping in officer's presence)(*citing* Atwater).

Defendants attached to their motion to dismiss the "damage form" referred to in Plaintiffs' Amended Complaint, which reads in pertinent part:

> This is a contract representing an agreement between that person or his agent who was towed by Cross Towing, a private towing company.  **This is a total and unconditional release from all towing liabilities incurred in the tow to said vehicle.**  The owner of said vehicle has inspected the vehicle for damages and agrees that Cross Towing is not liable for these or any other unreported damages from this date forward.

(Defendants' Motion to Dismiss, d/e 10, Ex. A)(emphasis added).  Plaintiffs concede that this is the "damages form" referred to in the Amended Complaint.  (Plaintiff's Response, d/e 11, p.7)("Defendants have attached a copy of a form document used by Phil Cross acting as the President of Cross Jeep, Inc. in the manner alleged in ¶ 12 and 14 of the amended complaint.").

This form is clearly a release of liability, not a form for listing observable damage.  (d/e 10, Ex. A).[3]  Cross concedes in his allegations that he conditioned release of the vehicle on the owner's signing of this form.  (Amended Complaint ¶ 18).  Cross does not explain how this is not, objectively, a violation of 625 ILCS 5/4-203(f)(10).[4]

---

[3]Plaintiffs refer to the form as a "waiver" in parts of their original Complaint (d/e 1, paras. 18, 12), but have omitted that description in most of the paragraphs of the Amended Complaint (after Defendants filed their motion to dismiss), except for para. 18 ("Phil Cross insisted Herndon complete the waiver form in order to receive the vehicle.").  Plaintiffs explain that the change is to "conform to the specifics of the form alleged in ¶ 15 and the "damage form" reference used to describe the term in ¶ 16 & 17 of the original complaint."

[4]Cross appears to argue that he lacked the mens rea to violate this statute, but the Court does not understand this argument.  On the facts alleged, Cross intentionally conditioned release of the vehicle on the owner's release of liability.  The Court does not see how Plaintiffs' unfamiliarity with the statute or its frequency of enforcement would negate an officer's probable cause for an arrest for the statute's violation, nor do Plaintiffs cite authority for that proposition.

Instead, Cross asserts that the Court must restrict itself to the "four corners of the complaint" on a 12(b)(6) motion and therefore cannot consider the form because it was not attached to the Complaint. In Plaintiffs' view, the form is a matter outside the complaint, requiring the Court to treat the motion as one for summary judgment and give the parties an opportunity to submit additional pertinent material. Fed. R. Civ. P. 12(b)(6).

The Court believes it is proper to consider the form attached to Defendants' motion because the form is referenced in Plaintiffs' Amended Complaint and is central to the claim of false arrest. See Continental Casualty Co., 417 F.3d 727, 731 n.2 733 (7th Cir. 2005) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim."). "A plaintiff is under no obligation to attach to her complaint documents upon which her action is based, but a defendant may introduce certain pertinent documents if the plaintiff failed to do so. . . ." Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993)(citation omitted). The Court is not bound by Plaintiffs' allegations as to the effect of the form. McCready, 453 F.3d at 891.

Even without considering the form, it appears that Cross Jeep was required to release the vehicle to the owner within ½ hour of a request during business hours pursuant to 625 ILCS 5/4-203(10).  Cross Jeep's possessory lien, if any, was limited to the towing and storage charges.  625 ILCS 5/4-203(g)("in no event shall the lien be greater than the rate or rates established" by the Illinois Commerce Commission pursuant to 625 ILCS 5/18a-200(6)).  Thus, a strong argument can be made that Plaintiffs have pleaded themselves out of court--that their allegations concede violations of 625 ILCS 5/4-203(f).[5]

However, Plaintiffs are correct that probable cause determinations are factual.  "Generally, whether there is probable cause is a jury question, but 'when there is no room for a difference of opinion concerning the facts or the reasonable inferences to be drawn from them,' a court may decide the issue."  Neiman v. Keane, 232 F.3d 577, 581 (7th Cir. 2000)(affirming summary judgment)(quoted cite omitted); see also Guzell v. Hiller, 223 F.3d 518, 522 (7th Cir. 2000)(reversing as premature district court's 12(b)(6) dismissal of false arrest claim based on lack of probable cause).

---

[5] See also Bell Leasing Brokerage, LLC v. Roger Auto Service, Inc., 372 Ill.App.3d 461 (1st Dist 2007)(successful conversion action against towing company that demanded unlawful amount of money before releasing vehicle, in violation of Illinois Vehicle Code.).

For this reason, the Court believes that a ruling on probable cause would be premature. The factual record should be thoroughly developed, given the factual nature of the probable cause analysis. For example, the record should confirm with affidavits what facts were known to the officers at the time of arrest and confirm the authenticity and foundation of the release attached to Defendants' motion. *See* Reynolds v. Jamison, 488 F.3d 756, 765 (7th Cir. 2007)("The fact that an officer later discovers additional evidence unknown to her at the time of the arrest, even if it tends to negate probable cause, is irrelevant-we only care about what the officer knew at the time the decision was made.").

Defendants also argue that the arrest was a de minimis deprivation of liberty not actionable under the Fourth Amendment, citing Ford v. Wilson, 90 F.3d 245, 248 (7th Cir. 1996). In Ford, the Seventh Circuit remarked in dicta that the de minimis doctrine could apply to deprivations of liberty, but the example given was a case in which a building inspector had entered the foyer of a plaintiff's house without consent. 90 F.3d at 248, *citing* Artes-Roy v. City of Aspen, 31 F.3d 958, 962-63 (10th Cir.1994); *see also* U.S. v. Broomfield, 417 F.3d 654, 656 (7th Cir. 2005)(hypothesizing that an officer asking a pedestrian a question would not be a seizure, but that a

seizure would occur if the officer also insisted the pedestrian stay and answer questions).  The Ford discussion was in relation to an officer's initial stop of a vehicle, not to the later arrest.  Ford is therefore inapposite.

Cross does not state how long his arrest was, but he was arrested, not just detained, and he was handcuffed and driven off in a squad car, significantly greater restrictions on liberty than those posited in Ford. Defendants cite no other case to support their argument, nor did the Court find a case in its own research.  That Cross was released shortly after his arrest may go to the reasonableness of the length of detention after the warrantless arrest, and therefore to the amount of damages ultimately available, but it would not preclude the false arrest claim altogether.

Defendants also assert qualified immunity. "When confronted with a claim of qualified immunity, a court must ask first the following question: 'Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?'" Brosseau v. Haugen, 125 S.Ct. 596, 598 (2004), *quoting* Saucier v. Katz, 533 U.S. 194, 201 (2001). Plaintiffs are not required to plead facts to defeat qualified immunity, and complaints are typically not dismissed at this stage on qualified immunity.  Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir.

2001); see also Jacobs v. City of Chicago, 215 F.3d 758, 765 n.3 (7th Cir. 2000)("notice pleading requirements of Rule 8 do not require that a plaintiff anticipate the assertion of qualified immunity by the defendant and plead allegations that will defeat that immunity.").

As discussed above, the Court believes more facts are needed before a determination on probable cause can be made confidently. Accordingly, the Court recommends that a decision on qualified immunity await a further developed factual record. See Fairley v. Fermaint, 482 F.3d 897, 901-02 (7th Cir. 2007)(rule that interlocutory appeal clock starts to run when the district court conclusively denies a motion on qualified immunity "relieves public officials from any pressure to take what may be premature appeals from orders declining to dismiss complaints.").

### B. Unauthorized Search

Plaintiffs also pursue a Fourth Amendment claim based on Officer Neavear's entry onto Cross Jeep's premises and videotaping of the premises and automobiles. Defendants do not move to dismiss this claim, so the Court does not address it. (Defendants' Motion to Dismiss, d/e 9, ¶ 4).

## II. Fourteenth Amendment:  Equal Protection

Plaintiffs assert that the City has favored other towing companies, without rational basis, denying Cross Jeep its proportionate share of City towing business, in violation of its equal protection rights.

The Supreme Court has held that equal protection cases can proceed on a "class of one" theory.  <u>Willowbrook v. Olech</u>, 120 S.Ct. 1073 (2000).  The Seventh Circuit has stated that, "to succeed under such a theory, the [plaintiff] must show that [he was] (1) 'intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment"; or (2) 'that the government is treating unequally those individuals who are prima facie identical in all relevant respects, and that the cause of the differential treatment is a "totally illegitimate animus toward the plaintiff . . .'"  <u>Nevel v. Village of Schaumburg</u>, 297 F.3d 673, 681 (7th Cir. 2002)(citations omitted); *see also* <u>McDonald v. Village of Winnetka</u>, 371 F.3d 992, 1002 (7th Cir. 2004)(class of one equal protection claim must allege plaintiff intentionally treated differently from similarly situated persons without rational basis or different treatment because of "'totally illegitimate animus'").  Proving a class of one claim is a "'very significant burden'"–"plaintiff's evidence must be such that

it allows a reasonable jury to 'eliminate any reasonably conceivable state of facts that could provide a rational basis for the classification.'" RJB Properties, Inc., 468 F.3d 1005, 1009-10 (7th Cir. 2006)(quoted cite omitted).  Any rational basis will defeat the claim, even one different than the reason given at the time.  Id.

Defendants argue that "Plaintiffs have failed to allege that Cross Jeep was treated differently from others similarly situated to it."  (Def. Memorandum, d/e 10, p.10).  They contend that "[w]ithout any allegations regarding the identity of others who are similarly situated, defendants are left without being put on notice of what claim they must defend and what discriminatory conduct they are alleged to have partaken . . ."  (d/e 10, p. 10).

The Court believes Defendants ask too much of Plaintiffs at the notice pleading stage.  Plaintiffs allege that they were treated less favorably than other towing companies in terms of City business.  A reasonable inference arises, or at least cannot be excluded on the allegations, that those towing companies are similarly situated.  The Court recognizes that Plaintiffs have an uphill battle, but that is a question of proof, not notice.

*See* RJB, 468 F.3d 1005 (summary judgment); McDonald v. Village of Winnetka, 371 F.3d 992 (7th Cir. 2004)(summary judgment).

WHEREFORE, the Court RECOMMENDS that Defendants' Motion to Dismiss be denied (d/e 9).

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:    January 11, 2008

s/ Byron G. Cudmore

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE